IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Kentrell Lamar Gash,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Ass. Warden Thomas, Cpt. Gregg, Cpt McPhaton, Lt. Bostic, Lt Al-Saadiq, Lt. Livisty, C.O. Cooper, Dr. Ohdoe, Abriell Conyers, C.O. Bonds, Lt. Jermaine Moore, Nurse Jenkins, Sgt. Sweetaburgh, & Dr. Wood,<br><br>　　　　Defendants. | C/A No. 9:23-cv-04168-SAL<br><br>**ORDER** |

　　　　Plaintiff Kentrell Lamar Gash, a prisoner proceeding pro se and in forma pauperis, filed this action on August 21, 2023, pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. This matter is now before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), which recommends granting Defendants' motion for summary judgment, ECF No. 82, in part. *See* ECF No. 100. Specifically, the magistrate judge recommends granting summary judgment in favor of all defendants as to all claims with the exception of Plaintiff's Eighth Amendment failure to protect claim against Defendant Bostic in her individual capacity. *Id.* Neither party filed objections to the Report, and the time for doing so has expired.

　　　　Additionally, on January 13, 2025, the magistrate judge ordered Plaintiff to advise the court, within 14 days, of his intention with regard to any claims against Nurse Jenkins. ECF No. 101. Despite the magistrate judge's clear directive, Plaintiff has failed to comply.

1

**LEGAL STANDARDS**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Further, federal courts have the inherent power to dismiss an action, either *sua sponte* or on a party's motion, for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962) (explaining that the "power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts"); *see also* Fed. R. Civ. P. 41(b). In considering whether to dismiss a claim with prejudice for failure to prosecute, a district court should consider the following four criteria: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (quoting *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)); *see also Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989) (dismissing with prejudice when warning given).

## DISCUSSION

Neither party has objected to the magistrate judge's Report, and the court has reviewed the Report for clear error and found none.  Thus, the court will adopt the Report in its entirety.

As to Defendant Jenkins, based on the foregoing procedural history, the court finds that Plaintiff is personally responsible for proceeding in a dilatory fashion with respect to Defendant Jenkins, as he is proceeding pro se and is entirely responsible for his actions in this case. No sanctions other than dismissal appear to exist, as Plaintiff has otherwise failed to respond to a court order. *See Lopez*, 669 F.2d at 920. However, because Defendant Jenkins has not appeared in the case, such that there is little prejudice caused to Defendant Jenkins, the court finds that dismissal should be without prejudice.

## CONCLUSION

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 100, and incorporates it by reference herein. Accordingly, Defendants' motion for summary judgment, ECF No. 82 is **GRANTED** in part and **DENIED** in part.

Additionally, the court further finds that Plaintiff's claims against Defendant Jenkins should be **DISMISSED, without prejudice,** for lack of prosecution, and that Defendant Jenkins be **DISMISSED** as a party to this action. *See Link*, 370 U.S. at 629–32; *Davis*, 588 F.2d at 70; Fed. R. Civ. P. 41(b); *see also Ballard*, 882 F.2d at 95 (citing Rule 41(b) and explaining that the "Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders").

For all of these reasons, Defendants shall be terminated as parties to this action except for Lt. Bostic. The court will issue a scheduling order for the parties to follow as to the remainder of this case.

**IT IS SO ORDERED.**

February 18, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge